IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Matthew Gregory Cabbil, | ) | C/A No. 1:16-1572-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Matthew Gregory Cabbil, proceeding *pro se*, brings this action against the defendant, the United States of America. (ECF No. 1.) The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without service of process and without requiring the defendant to file a return.

**I.    Factual and Procedural Background**

Plaintiff's Complaint is written on a standard form used by *pro se* civil litigants. (ECF No. 1.) In the section titled "Statement of Claim," Plaintiff wrote "Human Radiation Experimentation." (Id. at 5.) In the section addressing the relief he seeks, Plaintiff wrote "Compensation." (Id.) The Complaint does not provide any other information or allegations. In other documents filed with the court, Plaintiff indicates no contract was signed before the human radiation experimentation began and such "complaints" were deemed meritorious by former President Bill Clinton. (ECF No. 9. at 1.) Plaintiff previously filed two nearly identical complaints in this court that were similarly lacking

in information. See Cabbil v. United States, C/A No. 1:16-1234-JMC-PJG; Cabbil v. United States, C/A No. 1:16-462-JMC-PJG.  Both cases were summarily dismissed.

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

Plaintiff does not expressly state a recognized legal claim against the defendant in the Complaint. However, in light of Plaintiff's *pro se* status and the requirement to liberally construe the Complaint, the court construes Plaintiff's allegations as an attempt to state claims against the defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, 1346(b), or Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). As discussed below, the court finds Plaintiff's claims should be summarily dismissed.

#### 1. Federal Tort Claims Act

The FTCA provides for a limited waiver of the United States' sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, a plaintiff seeking to file a FTCA claim must first exhaust his administrative remedies. Under 28 U.S.C. § 2675,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.



Moreover, the exhaustion requirement is jurisdictional and may not be waived. See Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

Plaintiff has not alleged that he submitted a claim to any federal agency concerning his allegations about human radiation experimentation, nor does he provide any documentation that his allegations have been considered or addressed by a federal agency. Accordingly, to the extent Plaintiff seeks relief pursuant to the FTCA, the court finds it would be without jurisdiction to consider Plaintiff's claim because the Complaint does not show that he has exhausted his administrative remedies before filing this action. See Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"); Plyler, 900 F.2d at 42.

### 2. Bivens Claim

The court also construes Plaintiff's claim as potentially seeking relief pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). In Bivens, the United States Supreme Court established a remedy for plaintiffs alleging constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. Id. Based on Bivens, courts have recognized that neither federal agencies nor federal officials in their official capacities can be sued for monetary damages in a Bivens action. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471 (1994) (holding that a Bivens action cannot lie against a federal agency); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"); Randall v. United States, 95 F.3d 339, 345 (4th Cir.



1996) ("Any remedy under Bivens is against federal officials individually, not the federal government.").

The only defendant named in Plaintiff's Complaint is the United States, which is not amenable to suit under Bivens. See Fed. Deposit Ins. Corp., 510 U.S. at 484-86; see also Glob. Mail Ltd. v. U.S. Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (stating governmental entities are entitled to sovereign immunity absent Congressional waiver, and sovereign immunity deprives a court of jurisdiction to hear a case). Because Plaintiff failed to name a defendant that is amenable to suit under Bivens, the court finds that, to the extent he raises a Bivens claim, the claim should be dismissed.

### 3. Duplicative Filings

The court additionally finds that Plaintiff's case should be dismissed on the basis that the instant action is duplicative, and therefore, subject to summary dismissal as frivolous pursuant to 28 U.S.C. § 1915. See Cottle v. Bell, No. 00-6367, 2000 WL 114463, at *1 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two.") (citations omitted); see also Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (finding that district courts may dismiss complaints filed under § 1915 if they are duplicative). As noted above, Plaintiff's Complaint is the third filed by Plaintiff in this court this year. All three complaints and their accompanying documents are nearly identical in the limited information and allegations they assert. Because there is no significant difference between the instant action and Plaintiff's previous actions that were

dismissed on identical grounds, the court finds the instant Complaint is subject to summary dismissal on the basis that it is frivolous. See § 1915(e)(2)(B)(I).

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

June 14, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).